IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DWIGHT LESTER DINDIAL,

    Plaintiff,

v.                                              CASE NO. 1:21-cv-43-AW-GRJ

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff Dwight Lester Dindial ("Dindial") appeals from the final decision of the Commissioner of Social Security ("the Commissioner") denying his protectively filed application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act") and his application for Social Security Income ("SSI") under Title XVI of the Act. ECF No. 1.

    In his appeal, Dindial raises two issues. First, he argues that the ALJ failed to properly evaluate the opinions of Dindial's treating physician for "supportability and consistency". Second, Dindial argues that the ALJ's

determination that he has the residual functioning capacity ("RFC") to perform "light work" is not supported by substantial evidence.

The Commissioner counters that the ALJ properly evaluated the treating physician's opinions and that the ALJ's light work determination is, in fact, supported by substantial evidence.

Upon careful consideration, the Court agrees with the Commissioner and concludes that the Commissioner's final decision is due to be affirmed.

## I.  PROCEDURAL HISTORY

Dindial filed applications for DBI and SSI on April 27, 2018.  R. 252-53.  He first alleged a disability onset date of January 7, 2018, the day he suffered a stroke. *Id*.  Dindial later amended the onset date to October 14, 2018, when he was fifty (50) years old.  *See* R. 15.  Dindial's claims were denied initially and upon reconsideration.  *Id*.  ALJ Juliana P. Heaton held an initial hearing *via* video conference on December 19, 2019, which was followed by a supplemental telephonic hearing on May 5, 2020.  *Id*.

On July 21, 2020, the ALJ issued the following written findings:

- Dindial meets the insured status requirements of the Act through December 31, 2018.

- Dindial has not engaged in substantial gainful activity since October 14, 2018, the amended onset date.

- Dindial has severe impairments of status-post cerebrovascular accident (CVA), diabetes mellitus, hypertension, and mild cognitive residuals from the CVA.

- Dindial does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.

R. 17-20.

The ALJ then found at step four of the sequential analysis that Dindial has the RFC to perform less than a full range of light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) as follows:

> [C]laimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. With normal breaks in an 8-hour workday, he can sit for 6 hours and stand and/or walk for 4 hours. He can stand and/or walk for 45 minutes at a time. In terms of postural limitations, he should avoid climbing ladders, ropes and scaffolds and crawling, and he can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. He should avoid hazardous machinery and working with hazardous waste. He should avoid tasks requiring executive-level decision-making.

R. 20. The ALJ further found Dindial not capable of performing past relevant work as an environmental analyst, shipping clerk, or asbestos remover as actually or generally performed. R. 26.

The ALJ then found at step five of the sequential analysis that claimant:

> … was fifty (50) years old … on the amended alleged disability onset date…. [He] has at least a high school education…. Transferability of job skills was not material to the disability

> determination because using the Medical-Vocational Rules as a framework supports a finding that claimant is not disabled, whether or not he has transferable job skills…. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform….[1]

R. 26. Consequently, the ALJ determined that Dindial has not been under a disability, as defined in the Act, since October 14, 2018.  R. 27.

The Appeals Council denied review.  R. 1-3.  This appeal followed.

## II.  STANDARD OF REVIEW

The Commissioner's conclusions of law, including applicable review standards, are not presumed valid.  *MacGregor v. Brown*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citing *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir. 1982) quoting *Smith v. Schweiker,* 646 F.2d 1075, 1076 (5th Cir. Unit A June 1981)).  The Commissioner's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal. *Gibson v. Heckler,* 779 F.2d 619, 622 (11th Cir. 1986) (citation omitted); *Bowen v. Heckler,* 748 F.2d 629, 635-36 (11th Cir. 1984); *see Ambers v. Heckler,* 736 F.2d 1467, 1470 (11th Cir. 1984).  Accordingly, the district court will reverse the Commissioner's decision on plenary review if

---

[1] Those jobs included storage rental clerk, ticket seller, and toll collector.  R. 27.

the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

The Commissioner's findings of fact, however, are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g) (2012). Substantial evidence is more than a scintilla, *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (citation omitted); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (citation omitted). The district court must view the evidence as a whole, taking into

account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560 (citations omitted); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) ("[T]he entire record must be scrutinized to determine the reasonableness of the Secretary's factual findings.") (citation omitted); *Parker v. Bowen,* 793 F.2d 1177, 1180 (11th Cir. 1986) (per curiam) (finding that the court must also consider evidence detracting from evidence on which the Commissioner relied).

### III.  DISABILITY UNDER THE ACT

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1) (2020); 20 C.F.R. §§ 404.1505, 416.905 (2012). The impairment must be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.  To be non-severe, the impairment must be "a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective

of age, education, or work experience." *Parker v. Brown,* 793 F.2d 1177, 1181 (11th Cir. 1986) (citations omitted).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) (citation omitted). First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

At the fourth step, the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to his past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (*citing* 20 C.F.R. § 404.1520(a)(4)(iv)). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. §

404.1545(a).  Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to his past relevant work under the fourth step; and (2) can adjust to other work under the fifth step. 20 C.F.R. § 404.1520(e).  At the fifth step, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The burden of proof regarding the plaintiff's inability to perform past relevant work initially lies with the plaintiff.  *Walker v. Bowen*, 826 F.2d 996, 1002 (11th Cir. 1987) (per curiam).  The burden then temporarily shifts to the Commissioner to demonstrate that "other work" which the claimant can perform currently exists in the national economy.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).[2]

---

[2] In *Doughty*, the Eleventh Circuit Court of Appeals explained the burden shifting process as follows:

> In practice, the burden temporarily shifts at step five to the Commissioner…. The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform…. In order to be considered disabled, the claimant must then prove that she is unable to perform the jobs that the Commissioner lists…. The temporary shifting of the burden

## IV.  DISCUSSION

Dindial's challenge is two-fold.  First, Dindial argues that the ALJ failed to explain the "supportability and consistency" of the opinions of Dr. James Medley, a treating physician.  Second, Dindial contends that the ALJ erred by finding that he can engage in full-time light work because that finding is not supported by substantial evidence.  The Court addresses each argument in turn.

### A.   The ALJ did not err in her evaluation of the opinion of Dr. James Medley, a treating physician.

Dindial complains that the ALJ failed to explain the supportability and consistency of Dr. James Medley's August 7, 2019 Medical Source opinions. In the August 7, 2018  opinions Dr. Medley found that Dindial: (1) had short term memory loss that was improving; (2) had difficulty walking more than five (5) minutes and was unable to stand for more than twenty (20) minutes and could not run; (3) had a weakened right hand, and his grip strength was 4/5 on the right and 5/5 on the left; (4) lower extremity strength was 4/5 on the right and 5/5 on the left; and (5) he was unlikely to return to his prior employment due to "permanent disability."  R. 636; *See*

---

to the Commissioner was initiated by the courts and is not specifically provided for in the statutes or the regulations….

*Doughty*, 245 F.3d at 1278 n.2 (internal citations omitted).

*also* R. 24 (ALJ's consideration of Dr. Medley's opinion).  But, as the Commissioner correctly points out, Dr. Medley's Progress Notes from the same day (August 7, 2018) are somewhat at odds with the medical source statement. In the progress notes Dr. Medley wrote: "While [Dindial] is not likely to be able to return to his former occupation, I noted that he may be able to find other gainful employment.  I encouraged him to explore his other interests to find a new career if disability doesn't work out."  R. 650.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips,* 357 F.3d at 1240 (*citing Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists to discount a treating physician's opinion when:

> (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.

*Id.* "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate the reason for doing so." *Id.*

Opinions on some issues, such as whether a claimant is disabled or unable to work "are not medical opinions ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.,* that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d);

416.927(d); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986) ("although claimant's physician may state he is 'disabled' or 'unable to work' the agency will nevertheless determine disability based upon medical findings and other evidence"). Opinions on issues reserved to the Commissioner are not entitled to controlling weight or special significance. SSR 96-5p. However, "[s]uch opinions on these issues must not be disregarded" and the "decision must explain the consideration given to the treating source's opinion(s)." *Williams v. Comm'r of Soc. Sec.*, Case No. CV406-19, 2008 WL 591288, at *3 (S.D. Ga. Mar. 3, 2008) (quoting SSR-96-5p).

In the present case, Dindial filed his application after March 27, 2017, so the new regulations apply to his claim. Under the new regulations, the Commissioner is not required to articulate how he "considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Rather, under the regulations, the most important factors the Commissioner will consider when determining the persuasiveness of medical opinions are supportability and consistency. *See,* 20 C.F.R. § 404.1520c(b)(2), 416.920c(b)(2).

The regulations provide that the Commissioner will explain how he considered the supportability and consistency factors in the determination or decision. *Id.* Courts considering this issue have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, Case No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (quoting *Mudge v. Saul*, Case No. 4:18-cv-693-CDP, 2019 WL 3412616, at *4 (E.D. Mo. Jul. 29, 2019)). *See also Torres v. Comm'r of Soc. Sec.*, Case No. 6:19-cv-1662-Orl-PDB, 2020 WL 5810273, at *5 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(b)(2): "SSA [is] not required to explain how it considered factors other than supportability and consistency").

In the present case, the ALJ found Dr. Medley's opinion, R. 634-36, unpersuasive because: "The opinion was made in 2018, and it indicates that the claimant was gaining ground in his functional abilities, like his short-term memory." Further, the ALJ found Dr. Medley's opinion "is not supported and consistent with the overall record." *Id*. This evidence includes progress notes from February through May of 2018 that showed general improvement in Dindial's condition. R. 23. Relying upon specific

record evidence to support his conclusion that the record did not support Dr. Medley's opinions the ALJ wrote: "For example, in March 2018, notes indicated that he was able to use a chain saw at home and cut some branches…. By May 2018, [Dindial] was discharged from physical therapy after not having therapy for more than four weeks…. Discharge notes indicate that he was doing well with the program and that he would be going to Canada for a few months during the summer." R. 23.

Further, the ALJ relied upon the fact that at the time of his May 2018 functional report:

> Personal care tasks, like bathing, dressing, and feeding himself, could take twice as long…. [but Dindial] prepared his own meals, like sandwiches and balanced meals with vegetables… Household chores included vacuuming, cleaning the bathroom, and doing laundry bi-weekly but for twice as along as usual…. [yet Dindial] went outside about three times a week, and, when traveling, would drive a car but not walk, ride in a car, ride a bicycle, or use public transportation…. About three times a week, he went shopping in stores for 1-2 hours.  He could go out alone and did not need anyone to accompany him places.

R. 24.

This discussion underscores that the ALJ in his written decision did consider and discuss the "supportability and consistency" of Dr. Medley's opinions and appropriately concluded that the opinions were unsupported by and inconsistent with the overall evidence.

As for Dr. Medley's statement that Dindial was "unlikely to return to prior employment due to permanent disability," the ALJ properly rejected that opinion as one "reserved for the Commissioner." R. 24. And notably, in addition to rejecting Dr. Medley's opinion because the opinion is not a medical determination but a determination reserved for the Commissioner, Dr. Medley's own progress notes, dated the same day as his Medical Source opinion, stated that Dindial might look into different employment if disability did not pan out.

Consequently, based upon the ALJ's discussion of the evidence, which was inconsistent with Dr. Medley's opinions, the Court has no difficulty concluding that the ALJ did not err in his assessment of Dr. Medley's opinions.

### B. The ALJ's RFC determination is supported by substantial evidence.

Dindial next contends that the ALJ's determination that he can engage in light work is not supported by substantial evidence.

The responsibility for making the RFC determination rests with the ALJ. 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level ..., the administrative law judge ... is responsible for assessing your residual functional capacity."). "An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining

ability to do work despite her impairments…. There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, *i.e.*, where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x. 890, 891-92 (11th Cir. 2013) (per curiam) (internal citation omitted).

    A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to supervision, co-workers and work pressure"—"is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x. 868, 870 n.5 (11th Cir. 2012) (*citing* 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)); *see also Davison v. Astrue*, 370 F. App'x. 995, 996 (11th Cir. 2010) (per curiam) ("An ALJ makes an RFC determination by considering the claimant's ability to sit, stand, walk, lift, carry, push, pull, stoop, crouch, and reach.") (*citing* 20 C.F.R. § 404.1545(b)).

If a claimant has severe impairments, but his symptoms do not meet or equal those of a listed impairment, the ALJ must consider the limiting effects of all impairments, even those that are not severe, in determining the RFC in light of all of the medical and nonmedical evidence. 20 C.F.R. § 404.1545(e).

To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "'provide[d] a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached.'" *Ricks v. Astrue*, Case No. 3:10-cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *see also Packer v. Astrue*, Civil Action No. 11-0084-CG-N, 2013 WL 593497, at *4 (S.D. Ala. Feb. 14, 2013) ("The ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.") (citation omitted), *aff'd*, 542 F. App'x 890 (11th Cir. 2013) (per curiam); *see also Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable … meaningful review.... Absent such explanation, it is unclear whether substantial evidence supported the ALJ's

findings; and the decision does not provide a meaningful basis upon which" the court can review the case.) (internal citation omitted).

In this case, the ALJ determined that Dindial can perform less than a full range of light work.  R. 20.  In making that assessment, the ALJ reviewed the entire record, specifically the administrative findings of two state agency medical consultants—Reuben Brigety, M.D. and Jolita Burns, M.D.  *See* R. 25. As the ALJ discussed in his written decision:

> Dr. Brigerty found that [Dindial] can lift and/or carry 50 pounds occasionally and 25 pounds frequently, can stand or walk for about 6 hours in an 8-hour workday, can sit for more than 6 hours on a sustained basis, and can perform postural activities…. Dr. Burns found that [Dindial] can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for about 6 hours in an 8-hour workday; can sit for more than 6 hours on a sustained basis; can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and can frequently balance, stoop, kneel crouch, and crawl.

*Id*.  The ALJ concluded that "light exertional work is persuasive … because… this exertional level is most supported and consistent with the overall record, which shows a substantially limiting combination of CVA, diabetes mellitus and hypertension."  R. 25.

The Court finds no error here.  The ALJ's determination that Dindial can perform light work is supported by substantial evidence, some of which is discussed above, *e.g.*, self-care, driving, cleaning, using a chain saw, shopping, traveling.  And, as the Commissioner points out, Dindial quit

physical therapy to travel to Canada in the summer of 2018 so he could assist at his former wife's medical practice as a "volunteer" worker. R. 36-40. The record evidence that Dindial no longer needed physical therapy, was able to travel from Florida to Canada, and was able to assist his ex-wife at her medical office just four months after his stroke, fully supports the ALJ's assessment that Dindial can engage in a less than full range of light work.

## V.  CONCLUSION

In view of the foregoing, it is respectfully **RECOMMENDED** that the decision of the Commissioner should be **AFFIRMED**.

**IN CHAMBERS** in Gainesville, Florida this 1st day of June 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.